IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY ROBERTSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| | )   CIV-07-248-M |
| v. | ) |
| | ) |
| WALTER DINWIDDIE, Warden, | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the convictions for Bringing Contraband (Drugs) into Jail/Penal Institution entered in the District Court of Grady County, Case No. CF-2003-419, and for Unlawful Possession of Controlled Substance, Unlawful Use of a Police Radio During the Commission of a Felony, and Unlawful Use of Video Surveillance Equipment in the Commission of a Felony entered in the District Court of Grady County, Case No. CF-2004-160, each entered pursuant to a guilty plea and after former conviction of two or more felonies.   Respondent has responded to the Petition and filed the relevant state court records, including the original record in Case No. CF-2003-419

("OR 2003-419"), the original record in Case No. CF-2004-160 ("OR 2004-160"), the transcript of the plea proceeding ("TR Plea"), the transcript of the sentencing proceeding ("TR Sentencing"), and the transcript of the motion to withdraw plea proceeding ("TR Motion to Withdraw"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

Background

The state court record in Case No. CF-2003-419 (see OR 2003-419), shows that Petitioner was charged by information on December 1, 2003, with the offense of Bringing Contraband (Drugs) Into Jail/Penal Institution. In an amended information, Petitioner was charged with having committed this offense after six prior felony convictions. The record in Case No. CF-2004-160 (see OR 2004-160), reflects that Petitioner was charged by information on April 26, 2004, with the offenses of Unlawful Possession of Controlled Drug (methamphetamine) with Intent to Distribute, Unlawful Use of Police Radio During Commission of a Felony, and Unlawful Use of Video Surveillance Equipment in the Commission of a Felony. In a supplemental information filed in the case, Petitioner was charged with having committed these offenses after six prior felony convictions. The supplemental information also shows that at the time of the alleged offenses charged in Case No. CF-2004-160 Petitioner was on probation serving a 20-year suspended sentence for a prior conviction for possession of controlled substance (marijuana), second and subsequent offense, entered in Case No. CF-2003-112 on September 29, 2003.

The records in these two cases reflect that Petitioner appeared in court with his retained attorney on December 6, 2004, and entered a plea of guilty to the charges in Case Nos. CF-2003-419 and CF-2004-160. The Petitioner entered a particular type of guilty plea known as a "blind" plea that was not accompanied by an agreement between Petitioner and the prosecution as to a sentencing recommendation. The transcript of the plea proceeding reflects Petitioner's statements under oath that he understood the charges against him and the range of punishment for those charges, had discussed the charges and his rights with his attorney, and wished to enter a guilty plea. The presiding judge inquired concerning Petitioner's competence to enter the plea and inquired as to the terms of a plea agreement. Petitioner's counsel advised the court that there was no plea agreement although the prosecutor had agreed "to ask for a maximum of 25 years on each count" and had also agreed to "place [Petitioner's wife] on some type of probation instead of asking for penitentiary time on her." TR Plea, at 5. The prosecutor then advised the court as to a sentencing recommendation. The presiding judge then asked Petitioner if he understood that "if there is no plea agreement, the Court can sentence you within the range of punishment that's listed in these charges and that your lawyer's gone over with you." TR Plea, at 6. Petitioner responded affirmatively. The presiding judge then questioned Petitioner to ascertain the voluntariness of the plea and the factual basis for each of the charges and the validity of the prior convictions. Petitioner also advised the court that he had completed a written summary

of facts form in each case and that he agreed with the answers appearing on this form.[1] The Petitioner's plea was accepted, a presentence investigation was ordered, and a date was set for sentencing.

At a sentencing proceeding conducted on March 24, 2005, Petitioner appeared with his attorney. The presiding judge stated that at the prior plea proceeding Petitioner entered a "blind plea and there is no recommendation by the State of Oklahoma." TR Sentencing, at 3. Petitioner testified in mitigation of sentencing and admitted on cross-examination that he had eight prior felony convictions. Petitioner's sister also testified in his behalf. The prosecutor recommended that Petitioner serve 25-year terms of imprisonment for each conviction, with the sentences for the convictions in Case No. CF-2004-160 to run concurrently with each other and consecutively with the sentence for the conviction in Case No. CF-2003-419. The court sentenced Petitioner to a 25-year term of imprisonment for the conviction in Case No. CF-2003-419. The court sentenced Petitioner to three, 25-year terms of imprisonment for the convictions in Case No. CF-2004-160, with the sentences to run concurrently with each other but consecutively with the sentence entered in Case No. CF-2003-419. The court further directed that these sentences run consecutively to the sentence Petitioner was then serving for another conviction. The court also imposed fines and costs and advised Petitioner of his right to appeal. A judgment and sentence was entered in each case memorializing the convictions and sentences entered against Petitioner. OR 2003-419,

---

[1] These completed forms appear in the original record in each of the cases. OR 2003-419, at 36-40; OR 2004-160, at 31-35.

at 87-89; OR 2004-160, at 83-86.

On April 1, 2005, Petitioner filed a *pro se* motion to withdraw his plea in each case. OR 2003-419, at 61-62; OR 2004-160, at 67-68.  The motion was set for hearing, and counsel was appointed to represent Petitioner at the hearing.  The transcript of the hearing on Petitioner's motion to withdraw his plea reflects that Petitioner appeared with his court-appointed counsel and refused to testify.  TR Motion to Withdraw, at 3-4.  Petitioner's attorney advised the court that Petitioner desired to withdraw his plea because he was unhappy with the length of his sentences and he was "under the impression his wife's case would be dismissed." Id., at 4-5.  The court took judicial notice of the transcript of the plea proceeding and, based on the transcript, found that the Petitioner's plea was knowingly and voluntarily entered and denied the motion.

Petitioner appealed the convictions and sentences.  In a summary opinion issued on November 15, 2005, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the convictions and sentences. Response, Ex. 2 (Robertson v. State, No. C-2005-397 (Okla. Crim. App. Nov. 15, 2005)(unpublished op.).  The OCCA rejected Petitioner's "sole proposition ... that the total of his consecutive sentences, exceeding fifty years, is excessive and warrants modification." Id., at 2.  The court found that Petitioner was informed of and understood the possible range of punishment and that he understood the trial court could impose a sentence within the statutory range of punishment.  The court further found that given Petitioner's record, the court could not find the trial court abused its discretion in sentencing Petitioner or denying his motion to withdraw his plea.

Petitioner subsequently applied for post-conviction relief,[2] and his post-conviction applications were denied. The OCCA affirmed these decisions. Response, Ex. 4.

Petitioner's Claim

In ground one of the Petition, Petitioner asserts only that his sentence of "70 years is excessive for this crime in conjunction with his age." Petition, at 6. In ground two, Petitioner asserts only that his sentences should be modified "due to age and health." Petition, at 7. Petitioner's *pro se* Petition is generously construed to assert the claim that his sentences entered in Case Nos. CF-2003-419 and CF-2004-160 are constitutionally impermissible because they are excessive in view of mitigating factors, including his age and health. Petitioner raised a similar claim in his appeal from the convictions and sentences.

Standard of Review

With respect to a constitutional claim asserted in a 28 U.S.C. § 2254 petition seeking a writ of habeas corpus by a state prisoner and rejected by a state appellate court in an appeal from the prisoner's convictions, habeas relief may be awarded only if the state appellate court's adjudication of the same claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254

---

[2] Petitioner actually identified the second of these applications as a "Motion for Sentence to be Run Concurrent and/or to be Reduced." However, the OCCA construed this motion as a second post-conviction application.

(d). This standard, which was adopted as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), directs the focus of judicial review to the result of the state appellate court's decision, not its reasoning. Saiz v. Ortiz, 392 F.3d 1166, 1176 (10th Cir. 2004), cert. denied, 545 U.S. 1146 (2005). Under this standard, federal courts reviewing habeas claims that have previously been resolved on the merits in state courts must apply a "level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)). A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion opposite to that reached by the Supreme Court on a question of law or (2) decided an issue differently than the Supreme Court has on a set of materially indistinguishable facts. Id. at 405-406. The "state court decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions." Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(*per curiam*). "[A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Id. (quoting Early v. Packer, 537 U.S. 3, 8 (2002)(*per curiam*)). A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the

state court applied [the Supreme Court case] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002)(*per curiam*). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted). The AEDPA also mandates that factual findings made by a state trial or appellate court are presumptively correct and may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Analysis

The Supreme Court addressed the Eighth Amendment's cruel and unusual punishment clause in the context of a constitutional challenge to a sentence for a term of years in Lockyer v. Andrade, 538 U.S. 63 (2003), wherein the Court recognized its "precedents in this area have not been a model of clarity." Id. at 72. Nevertheless, the Court noted that the governing legal principle in its previous Eighth Amendment jurisprudence was the "gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." Id. at 72-73. This principle "gives legislatures broad discretion to fashion a sentence that fits within the scope of the proportionality principle...." Id. at 76. Thus, "[t]he gross disproportionality principle reserves a constitutional violation for only the extraordinary case." Id. at 77.

In Petitioner's case, the OCCA considered Petitioner's lengthy history of prior felony convictions and found that the two, consecutive, 25-year terms of imprisonment imposed for

Petitioner's multiple convictions were within the statutory limits set for the habitual offender convictions. Petitioner refers only to his "age" and his "health" in support of his habeas claim. However, Petitioner provides no factual support for his claim, and the record of his sentencing reflects that Petitioner presented these factors in mitigation of sentencing. Neither of these circumstances distinguish Petitioner's sentence as one presenting an extraordinary case of disproportionality. As Petitioner was advised at the time he entered his plea, Petitioner faced possible punishment of a term of life imprisonment for each of the habitual offender convictions in the two cases he is challenging. The OCCA's decision was not contrary to, or an unreasonable application, of clearly established Supreme Court jurisprudence. See id. (finding no unconstitutional disproportionality in sentences of two consecutive terms of 25 years to life imprisonment entered for convictions for stealing approximately $150 in videotapes). Accordingly, Petitioner is not entitled to habeas relief.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___May 21st___, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their respective right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___30th___ day of ___April___, 2007.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE